### McAVOY v. MAXWELL.

(Supreme Court, Appellate Term, First Department. May 9, 1916.)

1. FRAUD ☞9—ACTION FOR DAMAGES.
   Plaintiff, in an action for damages for false and fraudulent representations in the sale of a secondhand automobile, was bound to establish false representations as to matters of fact, known to be false, and his reliance thereon to his damage.
   [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 8; Dec. Dig. ☞9.]

2. FRAUD ☞12—FRAUDULENT REPRESENTATIONS—ACTION FOR DAMAGES.
   A statement of the seller of an automobile that if the buyer was not satisfied he would refund the money was in the nature of a promise, and not a representation of fact, which could be a ground of recovery for fraudulent representations.
   [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 14; Dec. Dig. ☞12.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John W. McAvoy against William J. Maxwell. From a judgment after a trial before the court without a jury, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

William Brunner, of New York City, for appellant.
J. V. Rooney, of New York City, for respondent.

PENDLETON, J. This is an appeal by defendant from a judgment entered after a trial by the court without a jury. The action is for damages for false and fraudulent representations. Plaintiff purchased a secondhand automobile from defendant, a dealer in such goods, and sues to recover the price paid as his damages.

[1, 2] The trial court found for plaintiff, and the question is whether there is sufficient evidence to sustain the finding. In order to recover, plaintiff was bound to establish false representations as to matters of fact, that they were known to be false, and that plaintiff relied on them to his damage. The only statements claimed to have been made by defendant outside of the advertisement were that he

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was satisfied to have a man examine the car and that if plaintiff was not satisfied he would refund the money.   This latter statement was in the nature of a promise, not a representation of fact, and cannot be a ground of recovery in this action.

As to the other statement there is no evidence that defendant was not willing that an examination should be made, and hence nothing to show the statement was false.   So far as the advertisement is concerned, there is no representation therein as to the condition of the car beyond the one that it had been used only part summer.   It was known to be a secondhand car and was stated to be sold "as is."   The evidence fails to disclose that any of the statements were false.   The advertisement does not use the word *self*-starter, but the evidence fails to show that it had none.   All the witness says is that he did not see it. The testimony, taking the view most favorable to plaintiff, failed to make out a case of false representations.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event.   All concur.