THEODORE TRIEPER, Respondent, *v.* BULKLEY & HORTON COM-
PANY and EDWIN J. DUNNE, Appellants.

Supreme Court, Appellate Term, Second Department, November, 1922.

Brokers — contract for sale of land — written agreement between pur-
chaser and broker that former would pay commission if he failed to
sign contract of purchase — refusal to sign — broker's right to retain
deposit — counterclaim for balance of commissions.

The promise of a real estate broker that in a certain contingency he would return
to the purchaser of a house the broker had for sale his deposit of $100, is merely
a promise as to future action and affords no basis for an. action to recover
damages for fraud and deceit.

After the plaintiff in such an action had inspected the premises which had been
brought to his attention by the broker, a paper, acknowledging the receipt of
$100 on account of the purchase price and reciting in substance that if upon
the owner's approval of the contract the plaintiff failed to sign it, he would pay
the broker the usual brokerage commission, was signed by the plaintiff and the
broker.  Acting upon this paper the owner's approval was obtained but the
plaintiff refused to sign a formal contract of purchase.  *Held*, that the act of
the broker in presenting plaintiff's offer to purchase the property and the
securing of the owner's acceptance thereof constituted a valid consideration
for plaintiff's agreement to pay the broker's commissions even though it might
have a claim for them against the owner.

While the broker was entitled to but one commission for which the plaintiff was
liable equally with the seller, the broker was only entitled to recover from
plaintiff the difference between the full amount of its commission and any
amount received on account thereof from the seller.

The trial court refused to admit evidence tending to show what the usual broker-
age commission was and dismissed defendant's counterclaim therefor.  *Held*,
reversible error.

Judgment entered upon a verdict in favor of the plaintiff and dismissing the
counterclaim reversed, the complaint dismissed, and a new trial granted as to ·
the counterclaim.

FABER, J., concurring; LAZANSKY, J., dissenting.

APPEAL by the defendants from a judgment of the Municipal
Court of the city of New York, borough of Brooklyn, first district,
entered upon the verdict of a jury in favor of the plaintiff and
dismissing the counterclaim of the defendant Bulkley & Horton
Company.

*Duncan & Campbell (Walter Bruchhausen,* of counsel), for
appellants.

*James C. Danzilo,* for respondent.

CROPSEY, J.  The plaintiff seeks to recover $100 damages for
fraud and deceit.  He claims to have paid that sum to the defend-
ants relying on their misrepresentations in connection with his

proposed purchase of a house.  The house was owned by a Mrs. Powers.  The defendant Bulkley & Horton Company was the owner's broker and had the house for sale.  Defendant Dunne was its employee who had the transaction with the plaintiff. Accepting the plaintiff's version there was no misrepresentation made.  The most that plaintiff claims is that the defendant promised to return the deposit of $100, which he made in a certain contingency.  That was merely a promise as to future action and was contractual in its nature and was not fraudulent.  *Adams* v. *Gillig*, 199 N. Y. 314; *Gotteberg* v. *Park Terrace Co.*, 168 App. Div. 800; affd., 222 N. Y. 600; *McAvoy* v. *Maxwell*, 158 N. Y. Supp. 844.  The plaintiff, therefore, has no basis for maintaining this action.

The counterclaim of the defendant Bulkley & Horton Company remains to be considered.  It is to recover its commissions in this transaction.  It is based upon a writing signed by the plaintiff, together with proof of the breach by him of the condition therein stated.  The plaintiff had his attention called to the house in question by the defendant company, and, after inspecting it, a paper was signed by that company and by the plaintiff.  It reads as follows:

*"February 1st,* 1921.

" Received from Theodore E. Trieper, of #171 Atlantic Avenue, Brooklyn, N. Y. the sum of One hundred ($100.00) Dollars as deposit on the purchase of premises #82 Carlton Avenue, Brooklyn, N. Y. on the following terms and conditions:

" Price $4500.00 Dollars.

" Mortgage:  1st. $2000.00 @ 6% due?  Title Co.

" 2nd.  $1500.00 @ 6% due installments.  The seller agrees to take back the above second mortgage of $1500.00, or permit her agents Bulkley & Horton Co. to do so.  Said second mortgage to be reduced in installments of $100.00 quarterly with interest until said second mortgage is paid in full.  The purchaser further agrees that in the event of increasing the above 1st mortgage, that any amount above $2,000 shall apply to the second mortgage.  Premises are subject to the encroachments on the rear building.

" Contract in usual form as adopted by any local title insurance company, to be signed at the office of Bulkley & Horton Co. at 2 P. M. on or before Feb. 4th, 1921.  This deposit is to apply on the amount of $100.00 Dollars which is to be paid on contract.

" Subject to restrictions and covenants of record providing same do not interfere with present usage of these premises.

" Title to close on or before February 11th, 1921.  This deposit accepted subject to owner's approval.  If owner disapproves, the

deposit is to be refunded within twenty-four hours. If the owner approves, purchaser agrees to enter into the contract as provided above; if purchaser fails to sign the contract as provided he agrees to pay Bulkley & Horton Co., the usual brokerage commission.

" BULKLEY & HORTON CO.

" E. J. DUNN

" I hereby accept the terms and conditions above,

" THEODORE E. TRIEPER,

" *Purchaser.*"

Acting upon this the defendant company obtained the approval of the owner to the plaintiff's proposal. The record does not show whether that approval was in writing. The plaintiff thereafter refused to sign a formal contract. The trial court refused to admit proof showing what the usual brokerage commission was and did not submit the question of the counterclaim to the jury. This was plainly reversible error if the defendant company was entitled to recover from the plaintiff the amount of its commissions.

The provisions of this writing are unusual. No other case involving similar terms has come to our attention except one brought by the same brokers and which is now awaiting decision by this court. The writing contains all the essential terms of an enforcible contract. And if it had been signed both by the plaintiff and the seller it would have been complete and binding upon both. The seller's approval of it was obtained, but it does not appear that was in writing. But if the seller had accepted in writing the plaintiff's proposition the same question would arise. The question is: Is the plaintiff obligated to pay the broker's commissions? It appears that the seller paid the broker $50 on the commissions. The broker claims $112.50, being two and one-half per cent on the purchase price, but was not permitted to prove that was the usual brokerage.

In discussing this question we must first consider what was meant by the clause in question providing for the payment by the purchaser of the broker's commissions. Did the parties mean that in the event named the broker was to receive a double commission, that is, a commission from the seller and also a commission from the purchaser, or did they mean that the broker was to be entitled to but one commission, and that that was to be paid by the purchaser, or did they mean that but one commission was to be paid and that both the seller and the purchaser were to be liable for it?

We think the provision does not mean that the broker is entitled to double commissions. We find nothing in the paper to indicate

that such was the parties' intention. To entitle a broker to double commissions, that is, to a commission from each side, the agreement therefor must be plain and unequivocal. This certainly cannot be said of the one in question. There is not a suggestion in the paper indicating that the broker is to receive two commissions. And it. should not be held to mean that unless such a construction is required. If such a construction was to prevail it would mean that the broker would receive two commissions in the event of the ·deal not going through but only one commission if it was closed. We think there is no basis for holding that to have been the intention of the parties.

We hold that the broker is entitled to but one commission. But is that to be paid solely by the purchaser in the event in question? If two commissions were not to be paid, then the provision must mean that the one commission either was to be paid by the purchaser and that the seller was not to be liable for it, or that both the purchaser and the seller were to be liable for it and that the broker could recover from either. The parties could have agreed that in such an event the commission should be paid by the purchaser and not by the seller. And if a finding was warranted that the parties intended to relieve the seller that result would be enforced. *Siegel* v. *Rosenzweig*, 129 App. Div. 547. But there is no such provision in this writing and no such finding is warranted. And it would be forcing the construction of the language to hold that such was its meaning.

If the language could be construed to mean that the purchaser alone must pay the commission then the broker certainly would be entitled to recover. The fact that this result would follow, if the language was so construed, is not challenged. The principal contentions against a holding that the purchaser is liable are that there was no consideration for his promise and that the broker has not been damaged. The basis for both of these claims is that the broker is entitled to recover commissions from the seller. Hence, if the language meant that the seller was not liable for the commission, the liability of the purchaser would be unquestioned. The agreement is that the purchaser shall pay " the usual brokerage commission." This must mean the commission to which the broker is entitled upon the transaction in question. And as there is but one commission, it is argued that the language used is the equivalent of saying that the seller in the event named is not to be liable for any commission. It is further urged that it would be good business policy for the broker not to require the seller to pay commissions if the deal did not go through owing to the fault of the purchaser and in that event to look only to the latter for

commissions.  However, the language does not necessarily require this construction to be placed upon it, and the action of the broker in this case shows it is not to be so construed.  After the plaintiff had failed to go on with his agreement the broker received from the seller fifty dollars on account of commissions.

It remains to be considered whether the purchaser is liable equally with the seller for the commission.  The purchaser's agreement was to pay the commission.  If it was not intended that thereby he should become the only one liable for its payment, it must have been intended that he should become liable equally with the seller.  There is nothing inconsistent in holding that both the purchaser and the seller shall be liable for the same commission.  This would not entitle the broker to recover it twice. It could not be recovered from both, but it could be recovered from either.  A recovery of it from one would be a defense to an action to recover it from the other.  But in the first instance the broker could sue either and it would be no defense that the other might have been sued.  Or the action could be brought against both. Proof that the commission had been paid by one would be a defense to an action for it against the other.  So construed, the provision under discussion gives the broker an additional right.  Thereby he has two debtors, instead of one, liable for the commissions.

But it is urged there was no consideration for the plaintiff's promise.  As has already been noted this is based upon the contention that the seller was liable for the commission.  And it is argued that as the broker was under obligation to the seller to procure a purchaser and to submit to the seller all offers received, the fact that it did submit the plaintiff's offer and did obtain the seller's approval of it, did not establish a consideration.  In other words, the argument is that what the broker did pursuant to the plaintiff's promise he was already obligated to do under his agreement with the seller.  But this is not the fact.  The broker had been employed by the seller, but the obligation of a real estate broker does not require him to submit to the seller any offer he receives, even though it be an acceptance of the seller's terms. And if he fails to do so he is not liable to the seller in damages. *Siegel* v. *Rosenzweig*, 129 App. Div. 547, 549.  Hence the promise upon which the foregoing argument is predicated is faulty.  When the plaintiff made his written offer the broker was under no legal obligation to submit it to the seller.  It did submit it relying upon the plaintiff's agreement that if the owner accepted it and the plaintiff failed to go on with the transaction and make the formal contract he would pay the broker's commissions.

While, in the writing, the broker did not agree to submit plain-

tiff's offer to the owner, and, in fact, did not agree to do anything, when it did submit the offer and obtained its approval the plaintiff became liable on his agreement. The act of the broker in presenting the offer and securing its acceptance constituted a valid consideration and made the plaintiff liable. The broker acted relying upon plaintiff's promise and secured what the plaintiff sought. This was sufficient. *L'Amoreux* v. *Gould,* 7 N. Y. 349; *Willetts* v. *Sun Mutual Ins. Co.,* 45 id. 45; *Keuka College* v. *Ray,* 167 id. 96, 100; *Perkins* v. *Smith,* 83 App. Div. 630, 631. The right of a broker under certain conditions to double commissions, that is, to a commission from the seller and also to another commission from the purchaser, when he is employed by both parties, is well settled. But if the argument advanced against the right of the broker to recover from the plaintiff because there was no consideration for the latter's promise was sound, it would apply equally to the cases of a double commission and would prevent their recovery. Under certain conditions a real estate broker can work for both the purchaser and the seller upon separate hirings from each, and he may recover commissions from each although the general object sought under both employments was the same, namely, the purchase and sale of certain property.

A further point is that the broker suffered no damage. The agreement of the plaintiff was to pay the broker's commission in a certain contingency. When the broker procured the approval of the owner it performed its part of the agreement. When the plaintiff failed to sign the formal contract he broke his agreement. The contingency then arose. The plaintiff's obligation thereupon was to pay the broker's commissions. The fact that the broker might also have its claim against the seller does not establish that it was not damaged by the plaintiff's breach of his agreement. There being a good consideration for the plaintiff's promise and the broker having performed its part of the agreement, the plaintiff became liable for the latter's commission. All that was necessary for the broker to show was the breach of the agreement by the plaintiff. This carried with it a liability for a fixed sum, or a sum which readily could be fixed by proof of what the usual commission was. The breach of the agreement by the plaintiff created his liability and established the broker's damages.

The broker was entitled to hold the plaintiff to his promise to pay the commissions even though it might also have a claim against the seller for them. The plaintiff's agreement gave the broker additional protection in the collection of the commissions. The broker had the obligation of the purchaser as well as the obligation of the seller. The plaintiff would be relieved from his liability

if the broker had received the full commission from the seller. Having received fifty dollars on account of the commission the broker's claim against the plaintiff would be for the difference between the full amount and that sum.

What the rights may be as between the plaintiff and the seller are quite immaterial. They do not affect this question. The claim advanced by the plaintiff might quite as well be made by the seller if the broker sued the latter. Then the seller might urge that because the broker had an agreement with the plaintiff by which the latter was to pay the commissions the seller was not liable as no damages were shown. We think that neither the purchaser nor the seller can, under the facts of this case, assert as a defense to a claim by the broker for commissions that the latter might sue the other party. Neither one can urge that he is relieved from his obligation because the broker could hold the other party if it saw fit. The purchaser and seller have bound themselves separately to pay the commission, and until it has been paid the broker may recover it from either. This is merely carrying out the agreement of the parties.

The judgment should be reversed, with thirty dollars costs to appellants, and the complaint dismissed, with appropriate costs below, and a new trial granted upon the counterclaim of the defendant company.

FABER, J., concurs.

LAZANSKY, J. (dissenting). I agree that the complaint should have been dismissed, but do not agree with the conclusion as to the counterclaim. In the paper signed by plaintiff he did not agree to pay defendant broker a commission. He promised, if the owner approved the sale, to sign a formal contract, and if he did not live up to that promise, then he would pay a commission to the broker. The promise to pay a commission was the measure of the broker's damage arranged between the parties if the plaintiff did not sign the formal contract. It was in the nature of a penalty. In fact, the broker could not, if the owner approved, and did not, when the owner did approve, suffer any actual damage. When the broker obtained the owner's approval to the proposition already signed by plaintiff, and which contained all the necessary terms of a contract, whether that approval was in writing or oral, and if communicated to plaintiff, a binding contract enforcible by the owner came into existence. The Statute of Frauds did not require the owner's signature to bind the buyer. *Matter of Popp*, 123 App. Div. 1. The broker was, therefore, entitled to his commission from the owner. Plaintiff's refusal to sign the formal contract

did not affect the owner's obligation to pay the commission. Since, therefore, the plaintiff's obligation was, not to pay a commission, but to sign a contract, his breach did not do any damage to the broker except nominal damage. The complaint should be dismissed and judgment directed for defendant Bulkley & Horton Company on its counterclaim for six cents, with appropriate costs in the court below.

Judgment reversed.