VIRGINIA-CAROLINA CHEMICAL COMPANY, Appellant, *v.* GEORGE
A. COOLEY, Respondent.

Fourth Department, June 29, 1923.

Bills and notes — action against maker — evidence that delivery of note
was induced by fraud of plaintiff's agent in promising reduction on
account did not establish defense — statement was promissory and
not fraudulent.

A defense to an action on a promissory note that the delivery of the note was
induced by fraud of the agent of the payee is not sustained by evidence that the
agent promised the defendant when the note was delivered that his principal
would make reduction in the account for the payment of which the note was
given, since the statement by the agent was promissory in character and, there-
fore, not fraudulent.

APPEAL by the plaintiff, Virginia-Carolina Chemical Company,
from a judgment of the Supreme Court in favor of the defendant,
entered in the office of the clerk of the county of Oneida on the 9th
day of May, 1922, upon the verdict of a jury, and also from an
order entered in said clerk's office on the 31st day of May, 1922,
denying plaintiff's motion for a new trial made upon the minutes.

*Coville & Santry* [*William F. Santry* of counsel], for the appellant.

*Henry F. & James Coupe* [*Leo O. Coupe* of counsel], for the
respondent.

HUBBS, P. J.:

This action was brought to recover upon a promissory note.
The answer admits the making and delivery of the note, but alleges
that the delivery of the note was induced by the fraud of the agent
of the payee, the plaintiff herein.

Prior to the date of the note the plaintiff had sold and delivered
to the defendant a quantity of fertilizer. There had been some
controversy between the defendant and the agent of the plaintiff
about the quality of the fertilizer and some talk about making an
allowance to the defendant on account of its defective condition.

The facts, stated most favorably to the defendant, are that at
the time the note was executed and delivered the agent of the
plaintiff stated to him that he wanted him to sign a note for the
unpaid balance, that he had to have a note to make good to the
company, and that he would make an allowance or reduction on
the note. No allowance or reduction was made.

The evidence to the effect that the agent would secure an allow-
ance or reduction on the note could not properly have been received
if the defense of fraud had not been pleaded. Such evidence tended

to establish a condition subsequent and to vary the writing. (*Jamestown Business College Assn.* v. *Allen*, 172 N. Y. 291; *Smith* v. *Dotterweich*, 200 id. 299.)

The receipt of such statements did not tend to establish a defense unless the statements were fraudulent. They did not constitute fraudulent statements because they were promissory in character. They constituted an agreement that, sometime in the future, the plaintiff's agent would secure a reduction in the amount of the note. That he failed to do, and his failure to do so constituted a breach of his agreement, but not fraud. (*Adams* v. *Gillig*, 199 N. Y. 314; *McAvoy* v. *Maxwell*, 158 N. Y. Supp. 844; *Gotteberg* v. *Park Terrace Co.*, 168 App. Div. 800; affd., 222 N. Y. 600.)

The judgment in favor of the defendant should be reversed, and the plaintiff's motion for a directed verdict for $280.50, with interest from December 1, 1918, should be granted, with costs.

All concur; CROUCH, J., not sitting.

Judgment and order reversed on the law and plaintiff's motion for a directed verdict for $280.50, with interest from December 1, 1918, granted, with costs.