WILLIAM T. MOORE and Another, Respondents, *v.* BYRON S. ABBEY, Appellant.

Fourth Department, June 30, 1925.

**Vendor and purchaser — action by purchasers to rescind contract and to recover back money paid thereon — agent for vendor signed agreement to finance construction of house to induce purchasers to sign contract — agent had no intention of performing agreement — said statement and agreement by agent was material false representation inducing plaintiff to sign contract — contract is rescinded and payments returned.**

A contract for the purchase of land will be rescinded at the instance of the purchaser and the payments made thereunder returned, where it appears that the agent for the vendor entered into an agreement with the purchasers to finance the erection of a house on the property if the purchasers would sign the contract, that the purchasers were induced to sign the contract because of the agreement, and that at the time the agent made the agreement he did not have any intention of carrying it out. The statement and agreement by the agent amounted to a material false representation and justifies the rescission of the contract whether the act of the agent was known to the vendor or not.

APPEAL by the defendant, Byron S. Abbey, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Monroe on the 22d day of December, 1924, upon the decision of the court rendered after a trial at the Monroe Equity Term.

*Webster, Meade & Straus* [*Joseph R. Webster* of counsel], for the appellant.

*Forsyth & Forsyth* [*D. W. Forsyth* of counsel], for the respondents.

CROUCH, J.:

The action is brought to rescind a land contract and to recover back the moneys paid thereon.

One Nett was the agent of the defendant to sell the lot. As an inducement to plaintiffs to buy, Nett told them that he would finance the building of a bungalow on the lot. He drew up and signed a written contract between himself and plaintiffs to that effect. The statement and agreement of Nett was intended to, and did, influence the plaintiffs to enter into the contract with defendant for the purchase of the lot. The trial court has found that defendant knew of Nett's representations prior to the execution of the land contract by plaintiffs. Whether he did or not is immaterial. If the statement and agreement of Nett amounted to a misrepresentation of a fact, this action will lie against the defendant even though he did not have such knowledge. (*Fairchild* v. *McMahon,*

139 N. Y. 290; *McIntire* v. *Pryor*, 173 U. S. 38; 3 Willis. Cont. § 1518.)

Upon all the evidence before the court, it may fairly be found that when Nett made the statement and signed his agreement with plaintiffs to finance the building, he had no intention of carrying out his promise.

Although the statement of Nett was contractual in its nature, it carried with it a misstatement of his real intention. That was a misstatement of an existing fact. (*Deyo* v. *Hudson*, 225 N. Y. 602.)

" The state of a man's mind is as much a fact as the state of his digestion. It is true that it is very difficult to prove what the state of a man's mind at a particular time is, but if it can be ascertained, it is as much a fact as anything else. A misrepresentation as to the state of a man's mind is, therefore, a misstatement of fact." (*Edgington* v. *Fitzmaurice*, 29 Ch. Div. 459, per BOWEN, L. J.)

" Neither a statement of intention nor a promise can be regarded as a statement of fact, *except in so far as a man may knowingly misrepresent the state of his own mind.* Thus there is a distinction between a promise which the promisor intends to perform, and one which the promisor intends to break. In the first case he represents truly enough his intention that something shall take place in the future; in the second case he misrepresents his existing intention; he not only makes a promise which is ultimately broken, but when he makes it, he represents his state of mind to be something other than it really is." (Anson Cont. [3d Am. ed. Corbin] 247.)

So in *Johnson* v. *Monell* (2 Keyes, 655) it was held that a purchase of goods with intent not to pay constituted fraud, and that the intent might be proved by facts and circumstances as well as by the affirmative declarations of the purchaser. So in the case of *Hotchkin* v. *Third Nat. Bank* (127 N. Y. 329) it was said that if a purchaser who is insolvent conceals that fact from the vendor for the purpose of defrauding him, and thus obtains goods without intending to pay for them, the title of the property is not changed, and it may be reclaimed by the vendor. (See, also, *Hill* v. *Chamberlain*, 64 App. Div. 609; affd., 170 N. Y. 595.) Cases which deal merely with a promissory statement, of which *Gotteberg* v. *Park Terrace Co.* (168 App. Div. 800; affd., 222 N. Y. 600) and *Virginia-Carolina Chemical Co.* v. *Cooley* (206 App. Div. 67) are instances, may be distinguished from the instant case because in them there was no finding or suggestion that the agent's promise was made with an intent on his part not to perform.

The judgment should be affirmed, with costs, and an additional

finding made to the effect that Nett at the time he entered into the agreement to finance, did not intend to perform the same.

HUBBS, P. J., CLARK, SEARS and TAYLOR, JJ., concur.

Judgment affirmed, with costs, new findings of fact made.