THE ELECTRIC PAINT AND VARNISH COMPANY, Plaintiff, *v.* BINGHAMTON WOVEN WIRE SPRING COMPANY, Defendant.

Supreme Court, Broome County, August 9, 1929.

*Merchant, Waite & Waite*, for the plaintiff.

*Lewis Seymour*, for the defendant.

RHODES, J.   The plaintiff, by an agent, sold to the defendant and the defendant purchased by an order in writing, three one-half barrels of roofing paint.   Defendant claims that the salesman, to induce defendant to purchase, made false statements to the effect that the paint would wear at least ten years and that it would not crack or split even if the defendant's factory roof, where it was to be applied, was subject to a vibration of about one inch. The three one-half barrels were delivered; defendant used one one-half barrel, notified plaintiff that the paint had cracked and was unsuitable and sent check to the plaintiff for forty-four dollars in payment of the one one-half barrel, notifying plaintiff that the balance of the paint was held subject to its order.   Thereupon plaintiff sued to recover the balance due for the paint.   Defendant interposed a defense and counterclaim setting up the alleged misrepresentations and demanded to recover back the forty-four dollars which it had already paid the plaintiff.   Plaintiff claims there is no question of fact for the reason that the contract of purchase was entire; that it contained a provision that no representation, promise or agreement by the salesman, oral or otherwise, would be recognized unless on all three copies of the order and confirmed in writing by the plaintiff.   No facts are alleged showing that defendant did not know what was contained in the contract which it signed.   Therefore, the statements made by plaintiff's agent are not admissible as tending to modify or vary the written contract.   If, however, the statements are of such a nature as to constitute fraudulent representations inducing the making of the contract, then defendant is entitled to introduce in evidence such misrepresentations on the issue of fraud.   (See *Adams* v. *Gillig*, 199 N. Y. 314.)   The question, therefore, is whether the alleged statements and misrepresentations of plaintiff's agent constituted actionable fraud.   Fraudulent statements to be actionable must consist of statements as to existing facts rather than expressions of opinion or promises of things to be done or performed in the future.   (See *Virginia-Carolina Chemical Co.* v. *Cooley*, 206 App. Div. 67; *People* v. *Peckens*, 153 N. Y. 576.) While it may be argued that the statement of the salesman that the paint would stand vibration without cracking, hardening or leaking was the expression of an opinion, I think it also was a description of the nature and quality of the paint, and, therefore, a statement of an existing fact sufficient, if false, to entitle defendant to relief.   If I am correct in this view, then there is an issue of fact to be determined as to whether or not the statements were made, and if so whether or not they were false and fraudulent,

and, of course, such question of fact should not be disposed of except upon a trial.

The defendant's right to raise the question of fraud is not, as a matter of law, barred by the fact that it had paid for one one-half barrel of the merchandise and now seeks by way of counterclaim to recover back the payment. (See *Pryor* v. *Foster*, 130 N. Y. 171.)

Motion is, therefore, denied, with ten dollars costs.