JOHN N. BENEDICT COMPANY, INC., Respondent, *v.* GUILLAUME R. McKEAGE, Appellant.

Third Department, May 3, 1922.

Fraud and deceit — action for deceit in sale of automobile — stipulation in contract against warranties does not preclude action for deceit — evidence did not sustain allegation of false representation as to condition of automobile or that defendant falsely represented age of automobile or that plaintiff relied on alleged representation as to age — error to submit to jury question whether defendant falsely represented that automobile would be put into first-class condition.

In an action for deceit in the sale of an automobile the fact that it was stipulated in the contract, which contained no representations or warranties, that there " are no promises, verbal understandings or agreements of any kind pertaining to this order not clearly specified in it," does not preclude the plaintiff from asserting that it was induced to make the contract by the false oral representations of the defendant as to the condition and character of the automobile.

The evidence offered by the plaintiff did not sustain its allegation that the defendant falsely represented that the automobile was in good running order and

11

mechanically in first-class condition nor did it sustain the allegation of the plaintiff that the defendant falsely represented and assured plaintiff that the automobile was of the latest model, nor was there any proof that the plaintiff relied upon the representation of the defendant as to the age of the car and was induced thereby to enter into the contract.

It was error for the court to submit to the jury the question whether the defendant fraudulently misrepresented that he would place the automobile in first-class condition because it was a mere promise as to the future condition and not as to the then existing condition.

Appeal by the defendant, Guillaume R. McKeage, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 12th day of December, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day, denying defendant's motion for a new trial made upon the minutes.

*Hinman, Howard & Kattell,* for the appellant. .

*McManus & Buckley* [*Peter J. McManus* of counsel], for the respondent.

H. T. Kellogg, J.:

The plaintiff and the defendant entered into a written contract whereby they agreed to trade second-hand automobiles. The plaintiff agreed to deliver to the defendant a six-passenger Stutz of the agreed value of $2,500. The defendant agreed to deliver to the plaintiff a Willys-Knight roadster and a four-cylinder Buick touring car of the agreed value of $1,800, and to pay in addition the sum of $700. The cars were delivered and the cash was paid as provided in the contract. The plaintiff found fault with the condition of the Buick car, claiming that its condition and character were not as represented. The contract contained no representations or warranties in relation to any of the cars therein described. Moreover, it expressed the following term: " It is mutually agreed that there are no promises, verbal understandings or agreements of any kind pertaining to this order not clearly specified in it." This stipulation precluded the plaintiff from setting up in an action upon contract oral representations or warranties collaterally entered into. (*Chapin* v. *Dobson,* 78 N. Y. 74; *Eighmie* v. *Taylor,* 98 id. 288.) It did not preclude it from asserting in an action of deceit, brought to recover damages resulting from its entry into the contract, that it was induced to make the contract by the false oral representations of the defendant as to the condition and character of the Buick car. (*Indianapolis, P. & C. R. Co.* v. *Tyng,* 63 N. Y. 653.) Accordingly, the plaintiff brought this action of deceit.

The complaint alleged that the defendant, at the time the con-

tract was made, falsely represented that the Buick car was in good running order and mechanically in first-class condition. The evidence given by the plaintiff proved the exact opposite of these allegations. Willis D. Sweet, the agent of the plaintiff, who made the trade, testified to statements made by the defendant as follows: " He told me the Buick was not in condition to be delivered at that time, because it was being overhauled at that time." He also testified that the defendant made the following statement to the general manager of the plaintiff: " He told him the Buick car was being put in first-class running order, that every part that was worn about the car was being replaced, that the car was being overhauled and would be put in first-class condition." It is undisputed that the Buick was at the time in the process of being overhauled. All the other representations, thus testified to, related not to the condition of the car as then existing, but to the future condition of the car as promised by the defendant. Not only, therefore, did the plaintiff by its testimony disprove its own allegations, but it substituted expectations for the alleged misrepresentations and thereby destroyed its case. (*Taylor* v. *Commercial Bank*, 174 N. Y. 181.) The complaint also alleged that the defendant falsely represented that the Buick car was the latest four-cylinder Buick model. It appeared that the then latest model was manufactured in the year 1918, while the car delivered was put out in the year 1915. This constituted the only fact of misrepresentation for which the plaintiff might, if the proper proof were forthcoming, and the proper procedure were followed, have had a verdict.

There are three reasons why the verdict obtained by the plaintiff may not be supported on the theory thus advanced: *First.* There was no evidence that the defendant knew, had reason to know, or represented that he knew the particular year in which his Buick car was made. On the contrary, it is undisputed that the defendant stated to a representative of the plaintiff: " Mr. Sweet, I know nothing about it. I have never seen it, only what I have been told." The defendant was, therefore, not open to the charge that in a legal sense he deceived the plaintiff as to the age of the car. (*Wakeman* v. *Dalley*, 51 N. Y. 27; *Daly* v. *Wise*, 132 id. 306; *Hadcock* v. *Osmer*, 153 id. 604; *Reno* v. *Bull*, 226 id. 546.) *Second.* There was no proof that the plaintiff relied upon the representation of the defendant as to the age of the car and was induced thereby to enter into the contract. (*Kountze* v. *Kennedy*, 147 N. Y. 124.) *Third.* The trial judge erroneously submitted to the jury as an issue to be determined by them the question whether the defendant fraudulently misrepresented that he would place the Buick car in first-

class condition. The defendant duly excepted to the action of the trial court in leaving to the jury " the question of any fraud as to the representations as to the condition that the Buick car was to be in, because it was a mere promise as to a future condition, and not as to a then existing condition." For these reasons the judgment may not be upheld.

The judgment should be reversed, with costs to the appellant, and a new trial granted.

All concur; KILEY, J., with a memorandum.

KILEY, J. (concurring):

I am of the opinion that this action can be maintained upon the pleadings presenting the issues as they are presented herein. The allegation of the complaint as to the Buick car is to the effect that the defendant was to put it in first-class condition and that it was the latest four-cylinder model Buick, and that plaintiff relied upon those representations in making the contract that was made with the defendant. The defendant answered with a general denial of those allegations and of all the material allegations of the complaint, and counterclaimed with an allegation of misrepresentation on the part of the plaintiff as to the condition of the Stutz car, with consequent damage to himself. The case was tried and submitted to the jury upon that theory, and I see no error that militates against the result, except the refusal to charge as requested by defendant's counsel, viz.: " I request your Honor to charge the jury that in case they find the Stutz car in question was fairly worth only $2,000, at the time the trade was made, then if they find that the Willys-Knight was only worth $1,000, and the Buick only $350 even then the plaintiff cannot recover in this case because that would make a total of $1,000 plus $350, plus $700 which would be $2,050." This request was formulated from evidence given by both sides upon the trial, and such a solution would have found support in that evidence.

The refusal was error which calls for a reversal of the judgment.

Judgment and order reversed and new trial granted, with costs to the appellant to abide the event.