Cora A. Hull, Plaintiff, *v.* Harold H. Cohen and Others, Defendants.*

Supreme Court, Monroe County, May 22, 1931.

*Hubbell, Taylor, Goodwin, Nixon & Hargrave*, for the plaintiff. *Ray F. Fowler*, for the defendant Cohen.

* See, also, 140 Misc. 846.

RODENBECK, J. The motion with reference to the complaint was timely made. Section 98 of the Civil Practice Act permits the court or a judge thereof to enlarge the time appointed by statute or rules, or fixed by any order enlarging time for doing any act or taking any proceedings, upon such terms as the justice of the case may require, and permits any enlargement, upon good cause shown, although the application is not made until after the expiration of the time appointed or allowed. Rule 105 of the Rules of Civil Practice, requiring motions under rules 102, 103 and 104 to be noticed within twenty days from the service of the pleading to which the motion is addressed, is to be construed in harmony with the Civil Practice Act. The courts have no power to make rules in contravention of the Civil Practice Act, and, therefore, this rule has been construed to be declaratory. (*Fiorello* v. *N. Y. Prot., etc., Mission Society*, 217 App. Div. 510.) In the present case there was an order extending the time to answer and to make such motions relative to the complaint as the plaintiff might be advised. The court will, therefore, entertain the motions relative to the complaint.

The complaint attempts to set forth a cause of action to defraud the plaintiff, participated in by the defendants jointly, and seeks to weave in a cause of action against the defendant Jennings for $26,400 paid to her for services as detective, and $16,000 paid to defendant Cohen for services as attorney in connection with the separation agreement. If the action is for fraud, only such recovery can be had as is connected with the fraud and resulted from it. The allegation of conspiracy in connection with fraud will not permit other causes of action, not resulting from the fraud, to be united in the complaint as one cause of action. It is not enough to allege generally that the defendants defrauded the plaintiff (*Knowles* v. *City of New York*, 176 N. Y. 430), nor that they conspired to do so (*Cohn* v. *Goldman*, 76 N. Y. 284; *Fowler-Curtis Co.* v. *Dean*, 203 App. Div. 317). These allegations are of no effect unless facts upon which they are based are set forth. The gist of the action is to defraud, the allegations of conspiracy serving only to bind the defendants by statements or conduct of each other. There must be unity of design with a common purpose. (*Russell & Sons* v. *Stampers & G. L. L. U. No. 22*, 57 Misc. 96, 101.) Facts must be alleged showing joint action. (12 C. J. 639.) Circumstantial evidence must be tantamount to direct proof. (*Russell & Sons* v. *Stampers & G. L. L. U. No. 22, supra.*) "The object of a pleading is to further the ends of justice, not to entrap a suitor in a mass of technicalities and absurdities." (*Conner* v. *Bryce*, 170 N. Y. Supp. 94, 95.) Ultimate facts do not mean conclusions of

law but issuable facts in an action for fraud, such as material statements, falsity, scienter, reliance, deception and damage. (*Urtz* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 170, 173; *Wood* v. *Amory*, 105 id. 278; *Butler* v. *Viele*, 44 Barb. 166, 167; *St. Hubert Guild* v. *Quinn*, 64 Misc. 336.) Each one of the elements is important and if the complaint fails to allege facts to sustain them, it is insufficient. (*Krans* v. *Lewiz*, 115 App. Div. 106.) Reliance and deception are as important as any other element of the cause of action. (*Brackett* v. *Griswold*, 112 N. Y. 454; *Lyons* v. *Scriber*, 174 N. Y. Supp. 332; 12 C. J. 639.)

The gist of the action is that it was represented by the defendants Cohen and Jennings that the plaintiff had been defrauded out of a large interest in a trust company which had been organized as a separate organization affiliated with the First National Bank of Kansas City; that, if the plaintiff would establish a fund to meet the expenses of the litigation, the defendant Cohen would recover for her approximately two million dollars. These statements are claimed to have been falsely made as statements of fact, known by the defendant Cohen to be false, or recklessly made, with the intention of deceiving the plaintiff; that she relied upon these statements and established the fund in question, which was used by the defendant Cohen for his own purposes and those of the other defendants. As to the allegations as to what the defendant Cohen " would " do, see *Ritzwoller* v. *Lurie* (225 N. Y. 464, 468); *Benedict Co., Inc.,* v. *McKeage* (201 App. Div. 161); *Reiss* v. *Levy* (175 id. 938); *Gabriel* v. *Graham* (168 id. 847, 851); *Lexow* v. *Julian* (21 Hun, 577; affd., 86 N. Y. 638); *Brady* v. *Edwards* (35 Misc. 435); *McAvoy* v. *Maxwell* (158 N. Y. Supp. 844); *Boettger Silk Fin. Co.* v. *Electric Audit & Rebate Co.* (115 id. 1102). Any allegations in the complaint not bearing upon this cause of action are immaterial and irrelevant to it and should be stricken out. The elements of this cause of action are well known and are stated by the court in *Brackett* v. *Griswold (supra)*: " There must have been a false representation, known to be such, made by the defendant, calculated and intended to influence the plaintiff, and which came to his knowledge, and in reliance upon which he, in good faith, parted with property or incurred the obligation which occasioned the injury of which he complains. All these circumstances must be found to exist, and the absence of any one of them is fatal to a recovery " (p. 467); and again in *King* v. *Murphy* (151 N. Y. Supp. 476): " It is almost too elementary to require discussion that the elements of fraud which must be pleaded, and which must appear from the proof, are: (1) That the defendant made certain representations; (2) that such representations were

false; (3) that the defendant knew the statements to be false, or not knowing whether they were true or false, and not caring what the facts were, made them recklessly, paying no heed to the injury which might result. (4) That the defendant made such representations with the intent to defraud the plaintiff, and to deceive him. (5) That the plaintiff believed the statements thus made to be true. (6) That he relied upon such representations and acted thereupon. (7) That the plaintiff was damaged, stating the amount thereof " (p. 477).

Fraud is a very broad issue. It is called one of the broadest issues known to the law. There are, however, some allegations which are improper even in a complaint for fraud and which are inadmissible on the trial. The rule of materiality and relevancy is the test by which their presence in a complaint is to be measured. Allegations that are immaterial or irrelevant to the main issues should be stricken out as prejudicial to the defendants, in that they are required to plead to them. Repetitious matter should be stricken out as unnecessarily incumbering the complaint. Conclusions of law should be stricken out as raising no issue. The inference of fraud must be clearly deducible from the " facts " shown, as our system of pleading is a fact system. (*Beers* v. *McNaught,* 175 App. Div. 643.)

The allegation in the 3d paragraph, " and that said defendant has never returned the same to plaintiff, although plaintiff has repeatedly demanded the return of the same," should be stricken out as irrelevant. The action is not for the return of any papers that the plaintiff may have delivered to defendant Jennings, and the fact that she did not return them has no bearing on the alleged cause of action presented in the complaint.

The 5th, 6th, 7th and 8th paragraphs should be stricken out as bearing upon relations between the plaintiff and defendant Jennings prior to the employment of defendant Cohen, including the portion of paragraph 8 beginning, " that plaintiff paid to said defendant Cohen," and ending, " had previously offered plaintiff," because it has no relation to the alleged conspiracy to defraud. It may be a part of the history of the previous relations of the parties, but it has no bearing upon the specific cause of action alleged in the complaint. The allegations in the 8th paragraph in reference to defendant Cohen are that he received $16,000 " for his services and disbursements in connection with said separation agreement," but that he never earned the money. The allegation in the 19th paragraph, that he " wrongfully appropriated " the money sought to be recovered, lends color to the argument that plaintiff seeks to recover this sum on the ground

of conversion. The relation between the plaintiff and the defendant Jennings prior to the entry of defendant Cohen upon the scene, has no connection with him or with the cause of action attempted to be stated in the complaint.

Beginning with the 9th paragraph, there is an attempt to state the cause of action upon which the plaintiff relies. Some of the allegations in this portion of the complaint relate to all three of the defendants, some to the defendants Cohen and Jennings, and some to the defendant Cohen alone. Some of them relate to the conspiracy, and some relate to the alleged fraud, with such a commingling of allegations that it is difficult to separate them. The following portion of the 9th paragraph should be stricken out: " That, in furtherance of said conspiracy, the defendants persuaded plaintiff to allow the defendant Cohen to go to Kansas City, Missouri, in order to obtain information regarding certain securities of plaintiff which were at that time in said Kansas City." The phrase, " in furtherance of said conspiracy," is repetitious. Having made a general allegation upon this subject covering all the statements of fact in the complaint, it is unnecessary to continue to .repeat the expression. The use of the word " persuaded " is objectionable, in that it implies a conclusion. In the same paragraph the following should be stricken out: " that said defendant then urged plaintiff to allow him to prosecute a suit against said bank in order to recover for plaintiff her interest in said trust company." This is objectionable as involving a conclusion. This portion should also be stricken out: " that, from .time to time thereafter, both said defendant Cohen and said defendant Jennings urged plaintiff to allow said defendant Cohen to prosecute said suit." This is objectionable as involving a conclusion. At the end of this paragraph the clause, " and were made solely in furtherance of said conspiracy,"should be stricken out as repetitious.

The first portion of the 14th paragraph, beginning, " That a separation agreement between plaintiff and her husband having been reached without any litigation," is merely introductory and should be eliminated as immaterial. It is not of serious importance, but it is matter that the defendants would have to plead to. The following, in this paragraph, should be stricken out: " the defendants Cohen and Jennings again discussed with plaintiff the matter of plaintiff's alleged claim against said bank and said defendant Cohen again assured plaintiff that there could be no question of her rights against said bank, and that said defendant Cohen would positively recover for plaintiff approximately $2,000,000 if plaintiff would finance the necessary litigation." The use of the words " discussed " and " assured " is objectionable as a basis

for fraud. It is not necessary to continue to repeat the alleged false representations. It is sufficient to allege the specific statements relied upon. An allegation that at a certain time certain representations were made, and thereafter repeated, is sufficient. Defendants may then move for a bill of particulars of the subsequent times when the statements were repeated.

In the 15th paragraph there is a repetition of the expression, " in furtherance of said conspiracy," which should be stricken out, and the matter, " for the purpose of frightening plaintiff, and compelling plaintiff to realize her dependence upon defendants for her physical protection," is a statement of a mental conclusion of the plaintiff. Intention to defraud may be measured from the facts and circumstances, but the plaintiff should not be permitted to plead the operations of her mind. The statement in the 15th paragraph that, " the defendants kept plaintiff practically as their prisoner," is a conclusion, and should be stricken out. The matter, " in response to the persistent urgings of the defendants," in this paragraph, should be stricken out as a conclusion.

In the 16th paragraph the expression, " That immediately after the payment of said $46,000, the defendants persuaded plaintiff, in pursuance of said conspiracy," should go out. The use of the word " persuaded " involves a conclusion, and the phrase " in pursuance of said conspiracy " is repetitious. In the same paragraph the matter, " In Kansas City plaintiff was held practically a prisoner in her room at the President Hotel," involves a conclusion and should be stricken out, also the matter, " that the defendants thereupon persuaded and induced plaintiff, in pursuance of said conspiracy," also the matter, " in response to the persistent urgings of the defendants." These matters involve conclusions or are repetitious.

In the 17th paragraph the clause, " that said payments were the culmination of the conspiracy charged in this complaint," involves a conclusion, and the following language, " and that each and every act, statement and representation in this complaint charged against any and all of the defendants herein was done and made in pursuance and in furtherance of the conspiracy hereinabove alleged, and for the purpose of inducing plaintiff to make the payments hereinabove set forth," should be stricken out as a repetition of the allegations contained in the 4th paragraph.

In the 18th paragraph the closing matter, " said undertaking was made in pursuance of said conspiracy, and for the purpose of inducing plaintiff to make said payments," should be stricken out as repetitious.

The defendant Foley is not sufficiently connected with the alleged

conspiracy to defraud to warrant his retention as a defendant in the action. It is not sufficient to allege that he was a member of the copartnership of Jennings and Foley Detective Agency to connect him with the cause of action, nor that he was present at times when the plaintiff and the other defendants were present. If such an allegation were sufficient, the detectives who were present should also be brought in. Besides the reference to him in the 2d paragraph of the complaint, as a member of the copartnership, he is mentioned in the general allegation in paragraph 4, which is insufficient without specific allegations. He is not mentioned again until the 9th paragraph is reached, wherein he is included as one of the defendants who " persuaded " plaintiff, a clause which has been stricken out. He is not involved again until the 15th paragraph is reached, when he is alleged to have " accompanied " the other defendants and several detectives to St. Louis, and the defendants are alleged to have " kept the plaintiff practically a prisoner," allegations which have been stricken out. In the 16th paragraph he is included with the other defendants as having " persuaded " plaintiff to go to Kansas City, an allegation which was stricken out. There appears, therefore, to be no specific allegation of fact showing that defendant Foley participated in any way in the alleged fraud, and not sufficient facts to connect him with any alleged conspiracy charging him with the acts and conduct of the other defendants. The complaint should be dismissed as to him.

If the plaintiff relies upon fraud promoted by the conspiracy of the defendants, the main issue of fraud should be clearly stated and allegations made of each one of the elements constituting fraud, and these allegations should not be mixed up with the allegations necessary to make out a case of conspiracy. Any other cause of action against individual defendants, such as that for the moneys paid to the defendant Jennings for detective services, and to defendant Cohen for services as an attorney, should be eliminated as involving foreign causes of action. These matters cannot be connected with the alleged cause of action for conspiracy to defraud by a mere statement that they constituted a part of the fruits of the conspiracy to defraud. The allegations with reference to them in the complaint do not show that they were so connected. The cause of action should be stated in language appropriate to a pleading, and not in such language as might be used in an argument in a brief. While the courts are not now as technical in construing a pleading as formerly, yet in an action of this sort, involving the good faith and integrity of a member of the bar, plaintiff should be required to limit her complaint to the specific

cause of action which she attempts to set forth. If immaterial and irrelevant matter is not stricken out, the defendants may be met at the trial with an offer of evidence to substantiate them, upon the theory that there is an issue with reference to them, and thus they may be prejudiced before the jury. If the cause of action is one for conspiracy to defraud, the cause of action against the defendant Cohen for the $16,000 and the defendant Jennings for the $26,400 could not be appropriately included in the complaint, and the proper remedy, therefore, is to strike out the allegations relating to these two matters. There are some allegations which, it is claimed, bear upon the subject of duress and undue influence, but it may be remembered that the treatment of the plaintiff by the defendants has a bearing upon the subject of the alleged fraud. The ends of justice will be promoted by requiring the plaintiff to redraft her complaint, strictly limiting the allegations to those appropriate to her cause of action.

The motion is granted striking out the matter contained in the complaint above specified; and permitting the plaintiff to amend the complaint within twenty days after service of a copy of the order in accordance herewith, upon payment of ten dollars costs, putting into proper form the remaining allegations of the complaint, without prejudice to the defendant Cohen to further move as he may be advised.