THE WILLSON & ADAMS COMPANY, Appellant, v. THE LEARNER REALTY COMPANY, Respondent, and Others, Defendants.— The judgment is modified by striking therefrom the words and figures " Five Hundred Thirty-nine and 28/100 ($539.28) Dollars " and inserting in lieu thereof the words and figures " Seven Hundred Sixty and 28/100 ($760.28) Dollars " as against The Learner Realty Company, and by making a deduction of $221 in the amount awarded against the defendant Sussman Construction Corporation; and as so modified the judgment is unanimously affirmed, without costs. Finding of fact 19 is reversed, and finding 20 is modified by adding to the amount there found $221. That part of the second conclusion of law permitting the deduction of $221 is disapproved; and the third and fourth conclusions are modified by adding the sum of $221 to the amounts therein stated. There is no statutory or other authority for the deduction of the amount of premiums paid on bonds for the discharge of the liens, or the legal expenses in connection therewith. This court finds plaintiff's proposed findings of fact 2 and 3. The plaintiff was entitled to recover the balance unpaid on the contract in the hands of the owner. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ. [143 Misc. 334.]

MORRIS ZANGWILL, Respondent, v. PATSY GULLE, Appellant.— Order denying motion for change of venue affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

## FOURTH DEPARTMENT, JUNE, 1932.

CORA A. HULL, Appellant, v. HAROLD H. COHEN, Respondent, Impleaded with ADELAIDE F. JENNINGS and Another.— Order granting motion to strike certain allegations from the complaint reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Per Curiam. We do not read the complaint as stating either a cause of action for conspiracy or a series of causes of action for fraud, but we read the complaint rather as setting forth one single cause of action for fraud. The conspiracy alleged in paragraph 4 of the complaint serves the single purpose of charging all the defendants with the acts of each done in furtherance of the alleged scheme to defraud the plaintiff of her property. (*Rodgers* v. *Kerbaugh, Inc.*, 174 App. Div. 674; affd., 220 N. Y. 678; *Inman* v. *Credit Discount Corp.*, 230 App. Div. 505.) All concur. [141 Misc. 62.]

CORA A. HULL, Appellant, v. HAROLD H. COHEN, Respondent, Impleaded with ADELAIDE F. JENNINGS and Another.— Order requiring plaintiff to give increased security for costs reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. All concur. [140 Misc. 846. See *post*, p. 715.]

ISLAND WAREHOUSE CORPORATION, Appellant, v. THE REISS STEAMSHIP COMPANY, Respondent.— Judgment and order affirmed, with costs. All concur.

DEALTON BELLINGER, Respondent, v. R. J. STRASENBURGH COMPANY, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur.

BYRON CROCKER, Respondent, v. JAMES J. BROOKMIRE and Another, Appellants. — Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict, in so far as it finds that any negligence of the defendant was the legal cause of the accident, is against the weight of the evidence. All concur.