Henry Clay Greenberg, J.
Defendants move for summary judgment pursuant to rule 113 of the Rules of Civil Practice. The action is one to recover damages based on alleged fraudulent representations made to plaintiff in connection with the *682 purchase of a building in the borough of Manhattan. In general, the alleged misrepresentation was made in answer to an inquiry as to the condition of the property. Plaintiff claims that an authorized representative stated that the building was in “ excellent ” and “ in very good physical ” condition. After the making of the contract, plaintiff alleges that it discovered that the electrical wiring and equipment was defective, hazardous, and required repairs and correction. Moreover, it is charged defendants knew of the defective condition of the electrical wiring and equipment when they made the representations, and failed to disclose the true condition of the building.
Defendants urge upon this motion that the action for damages is barred by the “ merger ” clause in the written contract. It has been repeatedly held that one cannot insulate himself from a charge of fraud by so-called “ merger ” or “integration ” clauses in a contract (Bridger v. Goldsmith, 143 N. Y. 424; Jackson v. State of New York, 210 App. Div. 115, affd. 241 N. Y. 563; Ernest Iron Works v. Duralith Corp., 270 N. Y. 165; Angerosa v. White Co., 248 App. Div. 425, affd. 275 N. Y. 524; Soviero Bros. Contr. Corp. v. City of New York, 286 App. Div. 435, affd. 2 N Y 2d 924; Sabo v. Delman, 3 N Y 2d 155).
No distinction can be drawn from these cases between the granting of a rescission or allowing damages in an action for deceit. While in most of the cases in which the problem has arisen, plaintiffs have elected to rescind, in some, damages for fraud were sought (see Soviero Bros. Contr. Corp. v. City of New York, supra; Benedict Co. v. McKeage, 201 App. Div. 161). In Cohen v. Cohen (1 A D 2d 586, affd. 3 N Y 2d 813) relied on by defendants, the action was one for damages, not rescission. It should be noted, however, that Judge Fuld who dissented in that case wrote for the Court of Appeals in the Sabo case. Obviously, the fact that the cause in Cohen was one for damages did not deter Judge Fuld from dissenting. The rationale of the rule-making merger clauses ineffectual to relieve from liability for fraud, resting as it does on public policy, cannot be undermined by restricting relief to the defrauded party to rescission. Neither the cases nor any other considerations dictate denial of an action in deceit for damages.
As to the remaining arguments of defendants that the alleged misrepresentations were merely expressions of opinion, as to plaintiff’s investigations as to the condition of the building and nonreliance on the representations, and as to the retention by plaintiff of its own expert, the papers show the existence of triable issues which cannot be disposed of summarily.
*683 The language in Sillman v. Twentieth Century-Fox Film Corp. (3 N Y 2d 395, 404) is appropriate here. Judge Froessel there said: “ To grant summary judgment it must clearly appear that no material and triable issue of fact is presented (Di Menna & Sons v. City of New York, 301 N. Y. 118). This drastic remedy should not be granted where there is any doubt as to the existence of such issues (Braun v. Carey, 280 App. Div. 1019), or where the issue is ‘ arguable ’ (Barrett v. Jacobs, 255 N. Y. 520, 522); ‘ issue finding, rather than issue-determination, is the key to the procedure ’ (Esteve v. Avad, 271 App. Div. 725, 727).”
Since material and triable issues of fact are presented, defendants’ motion for summary judgment is denied.
Settle order.