Charles J. Beckinella, J.
Motion by defendant Crystal to dismiss the complaint for legal insufficiency under rule 106 of the Rules of Civil Practice.
The complaint charges a conspiracy and alleges in substance as follows: That in November, 1955 defendant Schlanger owned a grocery super market which he transferred to a corporation known as Neubauer & Schlanger, Inc.; that the defendant Rosenblum owned the building in which the business was located; that in November, 1954 defendant Schlanger executed a chattel mortgage to defendant Rosenblum upon the fixtures and equipment of the said business; that in April, 1956, prior to the 23rd day thereof, the defendants conspired to bring about the conveyance of the grocery business and the lease appurtenant thereto to defendant Crystal for an inadequate consideration, whereby the said defendant Crystal was able to purchase the assets, valued at $15,000, at a price of $7,000; that pursuant to said conspiracy defendant Rosenblum, in April, 1956, prior to the filing of an involuntary petition in bankruptcy against *819 defendant Schlanger and the corporation, obtained a judgment against defendant Schlanger and the corporation and levied upon the merchandise and fixtures in the super market; that on April 17, 1956 defendant Schlanger voluntarily surrendered possession of the fixtures and equipment to defendant Rosenblum and that the chattel mortgage was foreclosed; that the defendant Rosenblum purchased the fixtures at the sale of foreclosure and sold said fixtures to defendant Crystal; that defendant Schlanger voluntarily surrendered to defendant Rosenblum the lease covering the premises and that defendant Rosenblum granted a lease for said premises to defendant Crystal.
Defendant Crystal, in support of the instant motion, contends that each of the acts of defendants which are alleged in the complaint was lawful; it is implied in defendant’s contention that therefore such acts taken together cannot constitute an unlawful conspiracy. Defendant overlooks the fact that an unlawful act may be accomplished by legal means and that if the object is illegal, an action for conspiracy lies. (Purofied Down Prods. Corp. v. National Assn. of Bedding Mfrs., 201 Misc. 149; People v. Klaw, 55 Misc. 72.)
However, the complaint does not state a cause of action under section 276 of the Debtor and Creditor Law, since there is no allegation that the transfers complained of were made with the actual intent to hinder, delay or defraud creditors.
Nevertheless, if the transfers alleged in the complaint come within the purview of section 273 of the Debtor and Creditor Law, as claimed by plaintiff in the memorandum submitted in opposition, then the alleged transfers constituted a wrong even though they were accomplished by means which on their face were lawful.
Section 273 provides that: “ Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.”
It will be noted that, under the foregoing section, unless the debtors were insolvent or had been rendered insolvent by virtue of the alleged transfers, such transfers were not fraudulent within the meaning of the section.
It may be assumed, in view of the allegation of conspiracy, that the judgment and foreclosure sale constituted a conveyance within the meaning of section 273. It may further be assumed in the light of the allegations of the complaint, that the surrender of the lease was voluntary and that it constituted a conveyance within the meaning of the foregoing section. *820 (Debtor and Creditor Law, § 270; 348-352 West 27th St. Corp. v. Dropkin, 178 Misc. 815.)
Nevertheless, the complaint fails to state a cause of action under section 273 since there is no allegation in the complaint showing that the debtors, defendant Sehlanger and the corporation, were insolvent at the time of the alleged transfers of assets or were rendered insolvent by virtue of such transfers. (Mariner Harbor Nat. Bank v. Imperial Beverage Corp., 264 App. Div. 785; Lafayette Lbr. Co. v. Selvester, 226 App. Div. 766.)
The fact that an involuntary petition in bankruptcy had been filed against the debtors shortly after the transfers of the assets may have some evidentiary value on the question of the state of solvency of the debtors at the time of the transfers, but it cannot be deemed equivalent to an allegation of insolvency at such time or that insolvency resulted from such transfers.
Motion granted with leave to plaintiff, if so advised, to serve an amended complaint within 20 days after service of an order with notice of entry.
Settle order on notice.