Samuel Rabin, J.
Plaintiff, the defendant’s husband, has brought this action to foreclose a mortgage. The defendant moved to set aside the service of a summons and complaint upon the ground that it was served on a Sunday. Following hearings before an Official Referee, the motion was denied by an order dated March 31, 1960, and the defendant was given leave to serve her answer within 10 days of the service of a copy of said order. Such service was made on April 4, 1960, and on April 15, 1960, the defendant served her answer consisting of a general denial.
She then served her amended answer in which she asserts three affirmative defenses and a partial defense by way of setoff. This pleading the plaintiff’s attorney rejected by a writing *1029 dated May 9, 1960, upon the ground that it was not served within 20 days after the service of the original and that the affidavit of service of the original answer shows that it was served by mail on April 15, 1960, whereas the postmark stamp on the envelope containing the amended answer is dated May 6, 1960, at 12:30 p.m., a period of more than 20 days thereafter.
By order to show cause, dated May 16, 1960, the defendant moved to compel plaintiff to accept the service of the rejected amended answer upon the ground that the said pleading was deposited in a postpaid wrapper in a mailbox located at 9 Rockefeller Plaza, New York 20, New York, at about 10:00 to 10:30 p.m. on May 5, 1960, and, therefore, within the 20-day period. In the meantime on May 10, 1960, the plaintiff moved for summary judgment of foreclosure and sale as prayed for in the complaint on the basis of the original answer of the defendant. Both motions were submitted at the same time.
As recently as April 28, 1960, it was stated in Stone v. Goodson-Todman Prods. (8 N Y 2d 8, 12 — 13): “ Once again we are faced with the propriety of the granting of summary judgment, and our sole inquiry, therefore, is to the existence of a material issue of fact. It now seems well established that if the issue is fairly debatable a motion for summary judgment must be denied (Falk v. Goodman, 7 N Y 2d 87, 91; Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 404). (Emphasis supplied to words ‘fairly debatable’.) ”
Since upon a motion such as this the facts in the affidavits and record control and not technical pleading defects (Curry v. Mackenzie, 239 N. Y. 267; Rizzi v. Sussman, 9 A D 2d. 961; Benjamin v. Arundel Corp., 270 App. Div. 766), this court may read the rejected amended answer together with the other papers before it in determining whether the existence of a material .issue of fact is, at least, “fairly debatable”. A defendant opposing a motion for summary judgment is not precluded from showing evidence in his affidavit of a defense not pleaded in his answer. (Cardinal Lbr. Co. v. Lincoln Park Bldrs. Supply, 8 A D 2d 839.)
The court is of the opinion that issues of fact are presented in view of the relationship between the parties and the claim of the defendant that there was no consideration for the bond and mortgage inasmuch as the separation agreement from which it is claimed to stem is allegedly illegal under section 51 of the Domestic Relations Law. These questions may not be flung off summarily. Accordingly, summary judgment is denied and the defendant granted leave to serve the rejected amended answer within five days following the service of a copy of the *1030 order to be entered hereon. There should, however, be no further delay in the disposition of the merits of this action. In fact, rule 20 of the Special Term Rules of this court embodies the policy for speedy trials in contested actions to foreclose mortgages on real property. The plaintiff may place this case upon the calendar on three days’ notice for trial on June 6, 1960, subject to the approval of the Justice presiding and upon the payment of the necessary fees.