Clárenos J. Henry, J.
This is a motion on behalf of the plaintiff (a judgment creditor) for summary judgment, under rule 113 of the Buies of Civil Practice, in a second action instituted to set aside a conveyance of realty from the defendant, Samuel J. Camelio (hereafter referred to as the “husband”) to the defendant Adaire Camelio (hereafter referred to as the “ wife ”), on the ground that the conveyance was fraudulent as to creditors.
The plaintiff’s moving affidavit indicates that the husband, before and after the conveyance, was engaged in a so-called home improvement business in the City of Bochester, and that the plaintiff was a supplier of materials; that the judgment in the initial action, entered August 31,1961, was for aluminum siding of the value of $2,477.33, sold by the plaintiff to the husband between October 11,1960 and April 27,1961; and that execution thereon was returned partially unsatisfied, $1,729.55 being the amount still owing. The affidavit then claims that on November 17, 1960 the husband obtained title to a parcel of real estate which, with intent to defraud his creditors, he conveyed to his wife without consideration on November 20, 1960. The complaint in the instant action, submitted with the affidavit, alleges that the judgment represented an indebtedness of the husband to the plaintiff incurred prior to said November 17, 1960 “ and subsequent thereto ”.
Two issues survive the papers submitted herein and compel a denial of summary judgment: (1) Whether the wife supplied the money for the purchase of the realty which, if true, would eliminate any question concerning fair consideration when the husband later conveyed it to her; and (2) whether, if the foregoing was not the fact, the husband was insolvent, or verging *294 on it, within the meaning of the Debtor and Creditor Law, at the time of the conveyance to the wife.
An examination of the husband and wife before trial (present action) was conducted on November 22, 1961. The transcript thereof, also submitted by the plaintiff and discussed in its affidavit, indicates that the greater share of the time consumed by the examination was devoted toward demonstrating that a defense claim — that the wife had advanced the moneys required to effect the purchase of the realty — was an impossibility; that she had no means or income from which such an advance could have been made; that there was thus no merit or truth in the associated claim that the husband had taken title merely as a temporary convenience; and that the conveyance was without consideration. The answers of the wife during the examination can readily be termed vague and unsatisfactory, and it may well be that the plaintiff will ultimately be successful in its contention but, be that as it may, the husband’s affidavit reiterates his claim of such an arrangement, and thus creates a factual issue regarding it. Such cannot be determined upon a motion for summary judgment, for the mission here is not to try issues, but only to determine whether one exists (Esteve v. Abad, 271 App. Div. 725; Mosler Holding Corp. v. Bell, 10 Misc 2d 681), and the credibility of the affiants is a matter for a trial jury (Airflow Taxi Corp. v. C. I. T. Corp., 258 App. Div. 857; Bernstein v. Kritzer, 224 App. Div. 387).
Beyond this, the moving papers lack a conclusive manifestation that the husband, at the time of the conveyance, was insolvent • — or verged on it — within the operation of the Debtor and Creditor Law.
The answer in the second action was not submitted, probably through inadvertence on the part of the plaintiff. Although, technically, it should have been included among the moving papers (Rules Civ. Prac., rule 113, subd. 2), its absence is of no moment for its contents are sufficiently described in the plaintiff’s affidavit, and it is principally upon the affidavits that a motion of this kind is determined (Perlman v. Perlman, 235 App. Div. 313; Curry v. Mackenzie, 239 N. Y. 267; Jackson v. Jackson, 24 Misc 2d 1028). If an issue is displayed by a defendant’s affidavit, a plaintiff’s motion-for summary judgment meets defeat (Hilbring v. Mooney, 130 Misc. 273; Curry v. Mackenzie, 239 N. Y. 267, supra). Here the husband’s affidavit frames an issue by denying insolvency — actual or incipient — at the time of the conveyance, and his denial is not conclusively disproved. Moreover, he lends support to his denial by presenting docu *295 mentary proof of payments to the plaintiff, totaling more than $5,000, after the date of the conveyance.
The plaintiff’s affidavit indicates that while the answer denied indebtedness to the plaintiff on November 17, 1960, the date the husband obtained title to the realty, on the examination before trial he admitted that the plaintiff and others were creditors on that date — and the wife, for practical purposes, conceded this. The transcript supports the admission and concession. However, there is no indication in any of the moving papers as to how much was then owing, or what the husband’s financial condition then was; and the judgment in the earlier action, limited by the allegations of its complaint, can only be said to have adjudicated that the plaintiff was a creditor on that date — the extent of such indebtedness remaining undetermined.
A conveyance of property, absent fair and adequate consideration (as defined by Debtor and Creditor Law, § 272), is not deemed fraudulent as to creditors unless the grantor debtor is insolvent (as defined by § 271), or, being engaged in business, is left with “an unreasonably small capital” (§ 274), or 1 ‘ intends or believes that he will incur debts beyond his ability to pay as they mature ” (§ 275) (see Matter of Decker, 149 Misc. 364; Schutte v. Rosenblum, 13 Misc 2d 818). It has not been shown that any of these conditions existed, and a trial must determine whether the husband’s denial of them or the plaintiff’s affirmance of one or more of them is correct. True, there is precedent establishing that a conveyance by a husband to his wife without consideration at a time when he was indebted to various creditors may raise a presumption that he was insolvent (see Capizzi v. Khoury, 168 Misc. 490) — or, it reasonably follows, that one of the conditions defined in either section 274 or section 275 existed — but denial of such conditions raises a question of fact, which can only be determined upon trial. A similar presumption is also stimulated by the return of an execution fully or partially unsatisfied (Berndt v. Berndt, 192 Misc. 57). Such presumptions may aid in proving the fact they point to, but do not provide the conclusive indication of its existence required for summary judgment. Presumptive insolvency is not conclusive insolvency.
Two further matters remain for comment:
In a supplemental affidavit the plaintiff alleges that on November 28,1960, the husband and wife conveyed still another piece of realty to the wife alone, without consideration. If true — and there is no contradicting affidavit — that conveyance would be deemed fraudulent only if the husband was engulfed *296 in one of the conditions above outlined. An owner may convey as much of his property as he chooses without consideration, provided he does not do so while insolvent, or while in such condition that any conveyance incubates presumed insolvency as a matter of law. Whether this was the situation here depends upon the husband’s financial condition at that time, decisive proof of which is lacking in the moving papers. The further conveyance, seriously suspicious, may play a part in the trial but on the instant motion it is, per se, no more conclusive of fraud than the first conveyance was.
The supplemental affidavit also alleges that the husband filed a petition in bankruptcy during December, 1961. While remote in time from the assailed conveyance, trial examination concerning some of the items posted for discharge might conceivably assist in spelling out actual or impending insolvency when the conveyance was made (see Schutte v. Rosenblum, 13 Misc 2d 818, supra), but the filing of the petition, again a suspicious circumstances, does not resolve, favorably to the plaintiff’s view, the essential question of the husband’s fiscal status as of the date of the conveyance. The motion for summary judgment is denied. Ten dollars costs.