OPINION OF THE COURT
Jan H. Plumadore, J.
Plaintiffs move for summary judgment in this lien foreclosure action. The only opposition interposed, despite notice to other lienors who are not parties to this action, is by defendant Pyramid on a variety of grounds. One of the served nonparties, Ben Weitsman and Son, does not object to the relief sought but does object to consolidation of the various actions due to the nature of the relief sought and the varying procedural stages of each.
Pyramid objects on the ground that necessary parties (the other lienors) have not been joined in this action. They have, as noted, been noticed with this application and none has sought to appear or otherwise respond with the sole above-noted exception. There is additionally no real opposition to plaintiff’s contention (and Weitsman’s concession) that its lien has priority inasmuch as it is for wages and benefits (Lien Law § 13 [1]). This ground asserted is therefore without merit.
Equally without merit is Pyramid’s assertion that this *604 action should not be permitted to proceed as it will result in a double recovery due to plaintiff’s pending claim in Markoff’s bankruptcy. The Honorable Justin J. Mahoney lifted the automatic bankruptcy stay, not as an exercise in futility, but to expressly permit plaintiff to prosecute this action to conclusion. There can be no double recovery until there has first been one; once that has occurred it may be time for Pyramid to raise this objection in the remaining proceeding if plaintiff does not voluntarily discontinue same.
Plaintiff contends that Pyramid’s attempts to charge the retained funds due Markoff for attorney’s fees, administrative costs and bond premiums expended in contesting or discharging other liens are unauthorized, citing Willson & Adams Co. v Learner Realty Co. (236 App Div 709); Pyramid claims they are (Sealy Co. v Ards Bldg. Corp., 244 NY 565). Neither Willson nor Sealy cites any authority for its advanced proposition and Sealy was virtually a one-line aside. This court finds that, despite the obvious deleterious effects on the lien fund(s) and the subcontractors, Pyramid has the right to so charge.
Willson (supra, at 709) held that "[t]here is no statutory or other authority for the deduction of the amount of premiums paid on bonds for the discharge of the liens, or the legal expenses in connection therewith” (emphasis supplied). Here there is the "other” authority of Pyramid’s contract with Markoff which so provides, and no express statutory (or other) prohibition. As is always the case with subcontractor’s liens, they are subject to the contractual rights and obligations of and amount due the general at the time the lien was filed (3 Warren’s Weed, New York Real Property, Mechanics’ Liens, § 7.03, at 118, § 7.02, at 113 [4th ed]). Pyramid may therefore backcharge costs attributable to these items for which liability accrued (attorney’s fees billed) or which were paid (bond premiums) prior to the filing of the notice of this lien.
The same rationale holds with respect to Pyramid’s claims for chargebacks due to repairs of allegedly defective work. To the extent they affected the amount due the general (Markoff) at the time the lien was filed, Pyramid is entitled to assert them and will be given leave to plead them in an amended answer (see, 77 NY Jur 2d, Mechanics’ Liens, §§ 274, 275; Jensen, Mechanics’ Liens § 409). As with the other costs dealt with supra, to the extent Markoff was not chargeable therewith until after the lien was filed they cannot affect the amount of the fund available to plaintiff unless by the terms of Pyramid’s and Markoff’s contract they are sufficient in time (3 *605 Warren’s Weed, New York Real Property, Mechanics’ Liens, § 7.02, at 113, 114) or size (3 Warren’s Weed, op. cit, § 7.04 [substantial performance]) to affect whether any amount was then due. That appears to be a determination which can only be made after issue is rejoined and a trial date set.
Finally, the court finds that plaintiff is not entitled to claim a delinquency fee against Pyramid. Any such amount due is so solely from Markoff pursuant to its contract with plaintiff, and liens only attach to any amounts due from the owner to the general (id., §§ 7.02, 7.03).
On the matter of consolidation, in light of the within disposition it appears to be required notwithstanding the other lienors’ lack of opposition to the other relief. While they were all noticed with this application, none of them are parties herein and all must be (Jensen, op. cit., § 349) despite plaintiff’s apparent priority (and despite Weitsman’s objection). Accordingly, by copies of the within decision to all counsel the court puts them on notice that it will order consolidation unless it is the consensus of all parties that it not do so.
Default judgment is granted against defendant Markoff.